IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.  3:21-MJ-331 |
| | ) | |
| v. | ) | |
| | ) | **JUDGE SHARON L. OVINGTON** |
| **ELESTER ROBINSON**, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO REOPEN DETENTION HEARING/ MOTION FOR BOND PURSUANT TO 18 U.S.C. § 3145(f)

The United States of America, by and through the undersigned Assistant United States Attorney, hereby opposes Defendant Elester Robinson's Motion to Reopen Detention Hearing/ Motion for Bond Pursuant to 18 U.S.C. § 3145(f). [Dkt. No. 12]. In this case, there are no condition or combination of conditions that will reasonably assure the safety of the community if the defendant is released. Robinson should remain detained pending trial.

**I.  BACKGROUND**

On September 1, 2021, an arrest warrant was issued for Elester Robinson for committing the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1)/ 924(a)(2). [Dkt. 1, Criminal Complaint]. ATF executed the arrest warrant on or about September 1, 2021.

On September 8, 2021, the Court considered the question of detention and Ordered the defendant detained. [Min. Entry 9/8/2021 and Dkt. 11, Detention Order].

**II.  ANALYSIS**

A defendant must be detained pending trial, if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A court may reconsider

its decision regarding pretrial detention "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time and that has a material bearing on the issue" of whether there exist conditions for release that would "reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f)(2)(B).

Here, the Court has already considered the question of detention. [Min. Entry 9/8/2021]. The Court ordered Elester Robinson detained. *Id*. Robinson has presented no new information, consistent with 18 U.S.C. § 3142(f)(2)(B), beyond the fact that the COVID-19 Delta variant is increasing in the Miami Valley. [Dkt. 12, Attachment 1 COVID-19 Weekly Summary Montgomery County, as of 9/10/2021].[1] It was generally known at the time the Court issued its decision that the COVID-19 Delta variant was within the Miami Valley and increasing throughout the community. Robinson also cites to the fact that his child is due on September 21, 2021. [Dkt. 12, pg. 1]. Yet, this information was known to the Court at the time it made its decision to detain him. [Dkt. 19, Pretrial Services Report, pg. 2 ("[Robinson] advised Ms. McDaniel is pregnant with their first child and is due in September of 2021.").

At the Detention Hearing, the Court considered the factors to be considered in determining whether to release a defendant pending trial. *See* 18 U.S.C. § 3142(g). It considered Robinson's history and characteristics, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relation to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

---

[1] Robinson does not cite to a particularized heightened risk of severe illness from COVID-19 and the Pretrial Services Report does not indicate that Robinson has a condition that would increase his risk for severe illness from COVID-19. *See* Centers for Disease Control, Different Groups of People, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last modified August 21, 2021).

and whether, at the time of the current offense or arrest, Robinson was on other release pending trial. [Dkt. 11, Detention Order].

Robinson has several prior convictions, which include: Perjury, Having Weapons While Under Disability, Possession of Heroin, Kidnapping, Extortion, Attempted Kidnapping, Possession of Drugs, Having Weapons While Under Disability, Resisting Arrest, Attempted Grand Theft, Breaking and Entering, and Receiving Stolen Property. [Dkt. 19, Pretrial Services Report, pg. 3-6]. Robinson committed Attempted Grand Theft while on probation for Breaking and Entering and Receiving Stolen Property. *Id*. Robinson committed the Resisting Arrest and Possession of Cocaine offenses while on probation for Receiving Stolen Property, Attempted Grand Theft, Breaking and Entering, and Receiving Stolen Property. *Id*. He committed a Having Weapons While Under Disability offense while on parole for Resisting Arrest and Possession of Cocaine. *Id*. And, Robinson was arrested in the instant offense while under active probation for Having Weapons While Under Disability and Possession of Cocaine. *Id*. He has a pending Assault trial that is scheduled for September 27, 2021. *Id*. Robinson has several non-appearances in the above listed offenses where absconder capiases and warrants for his arrest were issued. *Id*.

As indicated, the defendant has prior drug, firearms, and crimes of violence convictions and three failures to appear. [Dkt. 9, Pretrial Services Report].

///

///

///

///

///

### III. CONCLUSION

For the above stated reasons, Robinson's Motion to Reopen Detention Hearing/ Motion for Bond Pursuant to 18 U.S.C. § 3145(f) should be denied. Robinson continues to pose a danger to the community and a risk of flight by clear and convincing evidence and has presented no new evidence to the contrary.

        Respectfully submitted,

        VIPAL J. PATEL
        Acting United States Attorney

By:    /s/ Ryan A. Saunders
        Ryan A. Saunders
        Assistant United States Attorney


### CERTIFICATE OF SERVICE

On September 14, 2021, I electronically filed this document through the ECF system, which provided notice to counsel of record.

        /s/ Ryan A. Saunders
        Ryan A. Saunders
        Assistant United States Attorney